UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANDRE LAMAR CARTER,** Petitioner, vs. **GEORGE STEPHENSON,** Respondent. | 2:22-CV-12972-TGB-APP HON. TERRENCE G. BERG **OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS (ECF NO. 5) AND DIRECTING RESPONDENT TO FILE AN ANSWER** |

Andre Lamar Carter has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, filed through counsel, Carter challenges his convictions for three counts of assault with intent to commit murder, MCL § 750.83, two counts of resisting arrest, MCL § 750.81d(1), resisting arrest causing injury, MCL § 750.81d(2), possession of less than 25 grams of cocaine, MCL § 333.7403(2)(a)(v), felon in possession of a firearm, MCL § 750.224f, and eight counts of possession of a firearm during the commission of a felony, second offense, MCL § 750.227b. Respondent moved to dismiss the petition on the ground that it is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). ECF No. 5. Carter filed a response to the motion to dismiss. ECF No. 7. Respondent filed a reply brief. ECF No. 8. For the reasons below, the Court **DENIES** Respondent's motion.

# I. BACKGROUND

Carter was convicted by a jury in Wayne County Circuit Court. The Michigan Court of Appeals affirmed Carter's convictions on his appeal by right. *People v. Carter*, No. 340645, 2020 WL 6814659 (Mich. Ct. App. Nov. 19, 2020). On September 8, 2021, the Michigan Supreme Court denied Carter leave to appeal. *People v. Carter*, 508 Mich. 924 (Mich. 2021).

On December 8, 2023, Carter filed the instant petition for a writ of habeas corpus through counsel.

# II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a petition by a person that is in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The one-year limitations period runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Carter is not relying on a newly-recognized constitutional right or newly-discovered facts, and he has not alleged that a state-created impediment prevented him from making a timely petition. Consequently, the relevant subsection here states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Carter did not petition for a writ of certiorari with the United States Supreme Court. His opportunity to do so expired on December 7, 2021. *See* Sup. Ct. R. 13.1 (setting 90-day period for petitioning for a writ of certiorari). Respondent argues that the judgment became final on December 7, 2021, and that the time for filing a habeas corpus petition expired on December 7, 2022, the anniversary of the date of finality. ECF No. 8, PageID.1975–76. Carter contends the date of finality is December 8, 2021:

> Because Mr. Carter's ability to challenge the state court conviction ran through December 7, 2021, his judgment of conviction and sentence was not final until 12:00:00 a.m. on December 8, 2021.

ECF No. 7, PageID.1955.

3

Carter's argument is contrary to Supreme Court and Sixth Circuit precedent. When a petitioner does not petition for a writ of certiorari, his conviction becomes final on the day the time for seeking certiorari expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). Carter's time for filing a certiorari petition expired on December 7, 2021, the date of finality. To calculate AEDPA's limitations period, the Sixth Circuit has adopted the "anniversary method." *Moss v. Miniard*, 62 F.4th 1002, 1009 (6th Cir. 2023) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000)). Under the anniversary method, the limitations period ends on "the anniversary of the day of finality." *Id.* at 1010. This method "has the advantage of being easier for petitioners, their attorneys and the courts to remember and apply." *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001); *see also United States v. Marcello*, 212 F.3d 2005 1009-10 (7th Cir. 2000) (explaining that the anniversary method "is clear and predictable and therefore easier for litigants to remember, for lawyers to put in their tickler files, and for courts to administer").

In this case, the date of finality was December 7, 2021, and, under the anniversary method, the one-year statute of limitations expired on December 7, 2022. The petition, filed on December 8, 2022, is untimely.

But the one-year limitations period applicable to § 2254 is also subject to equitable tolling when a petitioner "has been pursuing his rights diligently" and "extraordinary circumstances" prevented his

4

timely filing. *Holland v. Florida,* 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing equitable tolling is warranted. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Equitable tolling relief should be granted "sparingly." *Moss*, 62 F.4th at 1010.

Though "courts of equity must be governed by rules and precedents…," the "exercise of a court's equity power…must be made on a case-by-case basis[.]" *Holland,* 560 U.S. at 649–50 (quotations and citations omitted). The Supreme Court has emphasized the need for "flexibility" in the exercise of a court's equity powers to enable courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct…particular injustices." *Id.* at 650 (quotation omitted).

Carter has been diligently challenging his convictions. The filing of his petition—one day late, based on his attorney's miscalculation of the limitations period—does not contradict a finding of diligence.

Carter argues that the Sixth Circuit's inconsistent application of the anniversary method establishes an extraordinary circumstance for equitable tolling. In *Moss*, the majority acknowledged the Sixth Circuit's incorrect application of the anniversary method in numerous unpublished decisions. *Id.* at 1010, n.4. While the cases cited by the majority in *Moss* were unpublished, non-binding decisions, the dissent noted that—in its decision announcing and explaining application of the

5

anniversary method—the Sixth Circuit was inconsistent: "calculat[ing] timeliness in two different ways." *Id.* at 1020 (dissent) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000)). The Court finds that the "confused caselaw" is an extraordinary circumstance that warrants equitable tolling for one day.

## IV. CONCLUSION

The Court **DENIES** the Respondent's Motion to Dismiss. ECF No. 5. The Court **ORDERS** Respondent to file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the petition for a writ of habeas corpus within **SIXTY DAYS** from the date of this Order.

**SO ORDERED.**

Dated: March 26, 2024  /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served via electronic and/or ordinary mail.

Dated: March 26, 2024    By: /s/T. McGovern
                             Case Manager